In the Matter of WILLIAM JACOBS (Admitted as WILLIAM PAUL JACOBS), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 11, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated November 15, 1991, the respondent was suspended from the practice of law, pending further order of this Court, based upon his failure to cooperate with the Grievance Committee. By order of this Court dated May 13, 1992, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent.

A notice of petition and petition containing two charges of professional misconduct against the respondent was personally served on the respondent on July 23, 1992. No answer was

forthcoming. Despite obtaining an adjournment to August 21, 1992, no verified answer to the charges has been filed to date. The petitioner now moves to hold the respondent in default in appearing. The motion to hold the respondent in default was personally served upon the respondent's attorney on October 1, 1992. The respondent has failed to submit any papers in response.

The charges involve the respondent's failure to cooperate with the investigations of the Grievance Committee. If established, the charges would require the imposition of a disciplinary sanction against the respondent. Since the respondent has chosen not to appear or answer in these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent William Jacobs, admitted under the name William Paul Jacobs, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent William Jacobs is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.